UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONALD MICHEL,

                                 Plaintiff,

    -v.-                                                             9:15-CV-1187
                                                                              (DNH/ATB)

SGT. MANNA, *et al,*,

                                 Defendant.

---

DONALD MICHEL, Plaintiff pro se
TIMOTHY P. MULVEY, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent for my review an amended complaint, filed by the pro se plaintiff in this action. (Dkt. No. 44, "AC"). On October 28, 2015, I reviewed plaintiff's original complaint for sufficiency, granted plaintiff's request for in forma pauperis ("IFP") status, and ordered defendants to respond to the original complaint. (Dkt. No. 6). Following the completion of discovery, defendants filed a motion for summary judgment on September 2, 2016, and plaintiff responded in opposition. (Dkt. No. 23, 30). On January 17, 2017, I recommended that plaintiff's First Amendment cause of action be dismissed with prejudice, and that his equal protection cause of action be dismissed with leave to amend. (Dkt. No. 31). On April 17, 2017, the Honorable David N. Hurd adopted my Report and Recommendation, ordering that plaintiff's First Amendment claim be dismissed, and that plaintiff's equal protection claim be dismissed with leave to amend within twenty days of his order. (Dkt. No. 39).

After being granted an extension, plaintiff timely filed a proposed amended

complaint on June 23, 2017. (Dkt. No. 44). This proposed amended complaint has been referred to me for review. For the following reasons, this court recommends that plaintiff's amended complaint be dismissed in its entirety for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Sufficiency of the Amended Complaint**

    A.    **Legal Standards**

Notwithstanding my original order granting IFP, I have the responsibility to consider the sufficiency of complaints filed by plaintiffs who are proceeding IFP. *See* 28 U.S.C. § 1915. Section 1915 provides that the court shall dismiss the case ***at any time*** if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)

(finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. A pleading which offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Naked assertions, devoid of "further factual enhancement" are insufficient. *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557). This court will now turn to a consideration of the plaintiff's amended complaint under the above standards.

### B. Application

#### 1. Background

The essential facts that plaintiff alleged in the original and amended complaint are unchanged, so I will summarize them briefly. At all times relevant to this proceeding, plaintiff was an inmate at the Auburn Correctional Facility, and a registered

3

member of the Rastafarian faith. (AC ¶ 3). His religion required him to grow his hair in dreadlocks. (AC ¶ 7). Plaintiff was stopped multiple times by defendant Manna, an Auburn Correctional Officer, who informed plaintiff that his hairstyle violated the Department of Corrections and Community Supervision ("DOCCS") grooming policy, because it was woven into a pattern of design. (AC ¶¶ 4-7). After plaintiff repeatedly refused to change his hairstyle, defendant Manna issued plaintiff a misbehavior report for failure to follow a direct order. (Compl. ¶ 6). Plaintiff was found guilty following a disciplinary hearing, and received a penalty of 17 days keeplock confinement, along with associated loss of privileges. (*Id.*).

In his original complaint, plaintiff alleged that the actions of defendant Manna and the other defendants violated his First Amendment right to practice his religion. (*Id.* ¶ 15). He also alleged that "it is a fact" that defendants singled out Rastafarian inmates for alleged violations of the grooming policy, and treated Rastafarian inmates differently than other inmates with religiously mandated hairstyles, such as Jewish inmates who wore sidelocks. (*Id.* ¶ 16).

Defendants successfully moved for summary judgment as to plaintiff's First Amendment claim on qualified immunity grounds. (Dkt. No. 39, at 2). The court also dismissed the equal protection claim *sua sponte*, because plaintiff's conclusory allegations of the disparate treatment of Rastafarian inmates were insufficient to support a claim. (*Id.*). The court granted plaintiff leave to amend his equal protection claim, in order to allow him an opportunity to identify specific examples of the named defendants treating him differently on the basis of his religion. In his Amended

4

Complaint, plaintiff reasserts his equal protection claim and adds a new claim under the Religious Land Use and Institutionalized Person Act ("RLUIPA"). (AC ¶¶ 9-14).

### 2. Equal Protection

#### a. Legal Standard

As explained in my January 17, 2017 Report and Recommendation, the Equal Protection Clause of the Fourteenth Amendment provides that the government shall treat all similarly-situated people alike. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citing *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.'" *Engquist v. Or. Dep't of Agric.*, 533 U.S. 591, 601 (2008). To establish an equal protection violation, the plaintiff must show that the defendants applied a different standard to similarly situated individuals. *Skehan v. Village of Mamaroneck*, 465 F.3d 96, 111 (2d Cir. 2006). Plaintiff must first show that he was treated differently than others similarly situated because of intentional or purposeful discrimination. *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). Then, plaintiff must show that the difference in treatment cannot survive the appropriate level of scrutiny. *Id.*

Alternatively, an equal protection claim can sometimes be sustained even if the plaintiff does not allege "class-based" discrimination, but instead claims that he has been irrationally singled out as a "class of one." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). The Equal Protection Clause "secure[s] every person . . . . against intentional and arbitrary discrimination" by state officials. *Willowbrook v.*

5

*Olech*, 528 U.S. 562, 564, (2000). Thus, in a "class of one" claim, the Equal Protection Clause requires a "rational basis for the difference in treatment." *Id.*

### b. Application

Despite being granted the opportunity to amend his complaint to provide further support for his equal protection claim, plaintiff actually provided fewer details in his Amended Complaint. He has removed his allegation from the Original Complaint that Rastafarian inmates were treated differently than similarly situated Jewish inmates. (Compl. ¶ 16). Instead, plaintiff merely recites the standard for establishing an equal protection violation, and then asserts that "[u]ndoubtedly, the only reasonable inference that can be drawn from the various 'misbehavior reports' issue[d] to plaintiff is that Sgt. Manna was targeting plaintiff because of his enmity toward Rastafarians and not because of any penalogical needs." (AC ¶¶ 9-10, 16). Plaintiff alleges no facts that would support this conclusion. Therefore, the Amended Complaint does not plead sufficient facts to support a claim that plaintiff was discriminated against by any of the named defendants, and does not state an equal protection claim upon which relief may be granted.

### 3. RLUIPA

### a. Legal Standard

RLUIPA prohibits the government from imposing a substantial burden on a prisoner's religious exercise unless the burden is the least restrictive means of furthering a compelling governmental interest. *See* 42 U.S.C. § 2000cc-l(a). For a burden to be substantial, a plaintiff must demonstrate that the government's action

pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith. In addition, this interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine. *Pugh v. Goord*, 571 F.Supp.2d 477, 504–05 (S.D.N.Y.2008); *Graham v. Mahmood*, No. 05–10071, 2008 WL 1849167, at *14 (S.D.N.Y. Apr. 22, 2008); *Gill v. Defrank*, No. 98 Civ. 7851, 2000 WL 897152, at *1 (S.D.N.Y. July 6, 2000) (citing *Boomer v. Irvin*, 963 F. Supp. 2d 227, 230 (W.D.N.Y. 1997)).

### b. Application

Plaintiff's RLUIPA claim, which was not raised in his original complaint, provides little substantive detail regarding defendants' alleged statutory violation. (AC ¶¶ 13-14). However, even if plaintiff had sufficiently articulated his RLUIPA argument, this court would still recommend dismissal of this claim.

It is well-established that monetary damages are not available against state actors in their official capacities for a violation of RLUIPA. *Sossamon v. Texas,* 563 U.S. 277, 293 (2011). In addition, the Second Circuit has held that "RLUIPA does not provide a cause of action against state officials in their individual capacities." *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013). Finally, declaratory or injunctive relief are unavailable under RLUIPA because plaintiff is no longer housed at Auburn. *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (transfer from a prison facility moots an action for injunctive relief against the transferring facility). Because any claims for monetary damages or other declaratory or injunctive relief is

7

precluded, this court recommends that plaintiff's RLUIPA claim be dismissed.[1]

## II. No Further Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

In light of the sua sponte dismissal of his equal protection claim, plaintiff was afforded the opportunity to amend his complaint. His amended complaint provided a weaker factual basis for his equal protection claim than the original deficient complaint. The amended complaint also asserted a RLUIPA claim for which no relief is available. Because further amendment would be futile, this court recommends that plaintiff's amended complaint be dismissed with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Amended Complaint (Dkt. No. 44) be **DISMISSED WITH PREJUDICE IN ITS ENTIRETY** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and it is

---

[1] Plaintiff did not specify the relief sought in his Amended Complaint. In his Original Complaint, plaintiff sought both monetary damages and a declaratory judgment.

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on the pro se plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:   June 27, 2017

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge